**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6996**

KEVIN MCWILLIAMS,

Petitioner - Appellant,

v.

JENNIFER SAAD,

Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cv-00127-GMG)

Submitted:  February 6, 2020                   Decided:  February 19, 2020

Before WILKINSON and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Kevin McWilliams, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin McWilliams, a federal inmate, appeals the district court's order denying relief on his 28 U.S.C. § 2241 (2018) petition, in which McWilliams challenged the revocation of Good Conduct Time based on a prison disciplinary conviction. In ruling on McWilliams' § 2241 petition, the district court did not have the benefit of our decision in *Lennear v. Wilson*, 937 F.3d 257, 279 (4th Cir. 2019) (holding that, in prison disciplinary proceedings, an inmate "has a qualified right to access and compel consideration of any video surveillance evidence of the incident giving rise to his loss of good time credits"). Here, the record establishes that McWilliams asked for the relevant video the day he was charged, but the video had been deleted. After an inmate timely requests video footage, *id.* at 274-75,

> (1) the government bears the burden of establishing a legitimate penological justification for refusing to consider such evidence; (2) whether an asserted penological justification warrants denying consideration of such evidence must be assessed on a case-by-case basis; (3) to the extent consideration of such evidence is denied on grounds that the evidence is not pertinent, that determination must be made by the hearing officer, not prison officials involved in lodging the charge; and (4) before categorically refusing to consider such evidence, the government should assess whether any alternative avenues exist for permitting consideration of the evidence, in some form, that protect the asserted legitimate penological consideration for restricting consideration of such evidence.

*Id.* at 273; *see id.* at 270-72. We vacate the district court's judgment and remand for further proceedings in light of *Lennear*. We express no opinion on the ultimate resolution of McWilliams' § 2241 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*